IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL WILLINGHAM,

    Plaintiff,

vs.

O. POUNCE, et al.,

    Defendants.
_____/

No. C 11-05391 YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a former state prisoner and current "mental health patient probationer," dkt. 53 at 3, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His motion for leave to proceed *in forma pauperis* ("IFP") has been granted. Dkt. 21. Thereafter, he filed an amended complaint against twenty-two named Defendants and "Does 1-400." Dkt. 13.

The Court then issued an order to Plaintiff to show cause why the case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Dkt. 29. Plaintiff has since filed a response to the Court's Order to Show Cause. Dkt. 30. However, the Court now VACATES its Order to Show Cause (dkt. 29) in light of the recent Ninth Circuit ruling in *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), relating to the proper procedural device for raising the issue of exhaustion of administrative remedies . In *Albino*, the Ninth Circuit, sitting en banc, overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held in part that a claim may be dismissed *sua sponte* if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies and no exception to exhaustion applies. *See Wyatt*, 315 F.3d at 1120. After *Albino*, it is no longer clear whether this is still the law of the circuit. Therefore, the Court need not address Plaintiff's response to the now vacated Order to Show Cause.

Pending before the Court is Plaintiff's amended complaint alleging that Defendants violated his constitutional rights while he was incarcerated at San Quentin State Prison ("SQSP") from September 22, 2010 to February 2, 2012. Dkt. 13. He seeks injunctive relief and monetary damages.

For the reasons discussed below, Plaintiff's amended complaint (dkt. 13), which the Court construes as the operative pleading herein, will be dismissed with leave to amend. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (holding amended complaint supersedes initial complaint and may not incorporate by reference any parts of original complaint).

**DISCUSSION**

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

## II.     Amended Complaint

It is difficult to glean from Plaintiff's twenty-eight-page amended complaint what his claims are and what relief he seeks. Further, nowhere does Plaintiff state succinctly and clearly what injury he has suffered, who caused such injury and what he would like the Court to do. Instead, Plaintiff narrates lengthy legal and factual arguments relating to various claims that range from: (1) a planned attack on Plaintiff by Inmate Erik Byrd on February 24, 2011; (2) deliberate indifference to his medical needs stemming from his resulting injuries; (3) false reporting by investigative employees and an alleged "cover-up" of the aforementioned attack; (4) deliberate indifference to his serious dental needs; (5) retaliation by Defendants because Plaintiff claims he is "Jesus Christ the Son of God"; (6) failure to process his inmate grievances relating to various "medical issue[s]"; (7) opening confidential legal mail; (8) further "retaliatory actions to do Plaintiff harm and cause problems and pain and suffering to Plaintiff"; and (9) due process violations at two rules violation hearings, which

resulted in the forfeiture of good time credits. (Dkt. 13 at 7-20.)[1] Additionally, Plaintiff refers to various types of relief, some which appear to pertain to injunctive relief stemming from the aforementioned conditions of his confinement at SQSP.[2]

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted).

Furthermore, Plaintiff must allege facts sufficient to show that the named Defendants' actions rise to the level of constitutional violations. As mentioned above, he is attempting to hold twenty-two named Defendants liable for the various claims in his amended complaint; therefore, he must allege facts showing what each defendant did that violated his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory allegations will not suffice; the plaintiff must instead set forth specific facts as to each individual defendant's actions which violated his or her rights). This Plaintiff has not done. He merely makes conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions. (Dkt. 13 at 5, 7-9, 13-20.) In addition, if Plaintiff

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[2] In any event, Plaintiff's claims for injunctive review are now moot given that he no longer is incarcerated at SQSP. *Cf. Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot.) However, because the Court will be granting Plaintiff leave to file a second amended complaint, it need not dismiss as moot his claims for injunctive relief.

claims that any of the named Defendants are liable as supervisors, he must allege that these Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.  Because Plaintiff has not linked any of the named Defendants to his claims, no claim for damages can proceed unless Plaintiff amends his amended complaint to cure this pleading deficiency.  The Court will allow Plaintiff leave to prepare a proper Second Amended Complaint that is consistent with federal pleading standards.  Plaintiff is advised that for each claim, he must, to the best of his ability, specifically identify each Defendant, and specify what constitutional right he believes each Defendant has violated.  Importantly, Plaintiff must allege facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's liability.  A person deprives another of a constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer*, 844 F.2d at 633.  There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff also mentions he wishes to name as Defendants "Does 1-400" whose names he apparently intends to learn through discovery.  Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Failure to afford the plaintiff such an opportunity is error.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED.  Should Plaintiff learn the identities of the unnamed defendants, he may move for leave to amend to add them as named defendants.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

Moreover, many of Plaintiff's claims appear to be unrelated.  The amended complaint alleges several claims that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.  Rule 20(a) provides that all persons "may be joined in one action

as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  as outlined above, Plaintiff's claims cover a broad array of different incidents by different individuals at SQSP over the course of approximately sixteen months.  (Dkt. 13 at 7-20.)  Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein.  Plaintiff may not include in a single complaint everything that has happened to him over a sixteen-month period that he finds objectionable.  He must choose what claims he wants to pursue that meet the joinder requirements.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way -- that is, if there is not "similarity in the factual background."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  General allegations are not sufficient to constitute similarity when the specifics are different.  *Id.*

Finally, Plaintiff appears to be seeking relief that concerns not only the conditions of his confinement but also challenges two disciplinary hearings on October 24, 2011 and December 13, 2011 that resulted in the forfeiture of good time credits, which he wishes to be "given back" to him. (Dkt. 13 at 17-20.)  The latter type of relief cannot be pursued in a civil rights complaint but must be brought in a habeas corpus petition.  *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) (Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.); *see also Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995) (An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence.).  Therefore, such claims are DISMISSED without prejudice to re-filing in a habeas corpus petition.

In sum, even when Plaintiff's claims are liberally construed, Plaintiff has failed to provide sufficiently simple, concise and direct information for the Court to determine whether Plaintiff's

allegations state cognizable claims for relief with respect to each of the named Defendants.

Accordingly, Plaintiff's amended complaint is DISMISSED with leave to amend.  Plaintiff may file a Second Amended Complaint in which (1) he clearly links each Defendant to the alleged injury or injuries for which that Defendant is alleged to be responsible, (2) does not raise unrelated claims against different Defendants, and (3) does not challenge the lawfulness of his confinement and to its duration.  While Plaintiff must, in filing his Second Amended Complaint, provide sufficient information to give Defendants fair notice of the nature of the claims against them, Plaintiff should not provide a lengthy narrative with respect to each Defendant to satisfy the pleading requirements of Rule 8.  Instead, Plaintiff should provide a concise statement identifying each Defendant and the specific action or actions that Defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom.     To facilitate this, the Court directs Plaintiff to limit his Second Amended Complaint to **forty (40) pages**.  If Plaintiff fails to comply with these straightforward pleading requirements, the Court will dismiss Plaintiff's proposed Second Amended Complaint.  *See McHenry*, 84 F.3d at 1177, 1177-78.

Finally, Plaintiff is advised that the Court will not consider as part of Plaintiff's pleadings in this matter any information sent to the Court in a letter or any other document that is not a pleading signed under penalty of perjury.  Rather, all of Plaintiff's claims must be included in the Second Amended Complaint, which will supercede all of Plaintiff's prior pleadings in this matter.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff's amended complaint (dkt. 13) is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Second Amended Complaint which:

    a.     States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i.     Set forth **each claim** in a separate numbered paragraph;

        ii.     Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

7

                  iii.     Identify the injury resulting **from each claim**;

        b.     Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list everything that has happened to him over a sixteen-month period in prison that he finds objectionable, the Second Amended Complaint may only allege claims that:

                i.     Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

                ii.     Present questions of law or fact common to **all Defendants**;

        c.     **Does not** make conclusory allegations linking each Defendant by listing them as having "direct involvement" to his claims without specifying how each Defendant was linked through their actions;

        d.     **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability;

        e.     **Does not** name Doe Defendants because any claims against Doe Defendants are DISMISSED without prejudice to Plaintiff moving for leave to amend to add them as named defendants once he learns their identities; and

        f.     **Does not** challenge the lawfulness of his confinement or to particulars affecting its duration; i.e., challenging disciplinary hearings that resulted in the forfeiture of good time credits.

    2.     Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Second Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 11-5391 YGR (PR) -- on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form. Because the Second Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original or amended complaints by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he

shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. Plaintiff's Second Amended Complaint shall not exceed **forty (40) pages** in length. **Plaintiff's failure to file his Second Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. Plaintiff's claims challenging the two disciplinary hearings on October 24, 2011 and December 13, 2011 that resulted in the forfeiture of good time credits are DISMISSED without prejudice to re-filing in a habeas corpus petition using the attached habeas corpus petition form. However, he must leave the case number blank when he submits the completed form. The Court notes that the filing fee for a habeas petition is $5.00.

5. The September 25, 2012 Order to Show Cause (dkt. 29) is VACATED, and the Court need not address Plaintiff's response relating to the issue of exhaustion of administrative remedies.

6. The Clerk shall send Plaintiff a blank civil rights form and a blank habeas corpus petition form along with a copy of this Order.

IT IS SO ORDERED.

DATED: June 16, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**